UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSEMARIE SAMSON, | |
| Plaintiff, | |
| v. | Case No. 1:20-cv-05357 |
| VALENTINE & KEBARTAS, LLC, | |
| Defendant. | |

## COMPLAINT

**NOW COMES** Plaintiff, ROSEMARIE SAMSON, through undersigned counsel, complaining of Defendant, VALENTINE & KEBARTAS, LLC, as follows:

## NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. ROSEMARIE SAMSON ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 1754 Sussex Walk, Hoffman Estates, Illinois 60169.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. VALENTINE & KEBARTAS, LLC ("Defendant") is a corporation organized and existing under the laws of the state of Massachusetts.

7. Defendant maintains a principal place of business at 15 Union Street, Lawrence, Massachusetts 01840.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. In February of 2016, Plaintiff applied for a credit card with Credit One Bank, N.A.

11. Upon approval, Credit One Bank, N.A. mailed Plaintiff a credit card.

12. Plaintiff activated this card and began using her card for personal and household expenses.

13. Over time, Plaintiff made $444.39 in charges to this card.

14. Plaintiff's $444.39 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

15. However, Plaintiff's financial situation changed, Plaintiff defaulted on payments, and Plaintiff's $444.39 balance was charged-off and assigned, sold, or transferred to LVNV Funding LLC in September of 2019.

16. Soon thereafter, Plaintiff's $444.39 account balance was referred for collection.

17. Defendant mailed Plaintiff a letter, dated October 21, 2019 (the "Letter"), which stated:

> Account No.: 1141463
> Current Creditor: LVNV Funding LLC
> Original Creditor: Credit One Bank, N.A.
> Current Amount Due: $444.39

### SETTLEMENT OFFER

Dear ROSEMARIE SAMSON:

This letter is to inform you of a special offer on the collection account listed above.

Our client wants our records to reflect that they have made every attempt to resolve this matter. Please see the options listed below approved by our client at this time.

☐ Take advantage of a discount up to 40% off the current balance. Make a one-time payment on or before 11/5/2019.

☐ Take advantage of a discount up to 30% off the current balance: Make three payments: 1st payment due by 11/5/2019, 2nd payment due by 12/5/2019, 3rd payment due by 1/5/2020.

☐ Take advantage of a discount up to 20% off the current balance. Make six payments: 1st payment due by 11/5/2019; 2nd payment due by 12/5/2019, 3rd payment due by 1/5/2020, 4th payment due by 2/5/2020, 5th payment due by 3/5/2020, 6th payment due by 4/5/2020.

☐ Take advantage of paying your balance off in nine payments: 1st payment due by 11/5/2019; 2nd payment due by 12/5/2019, 3rd payment due by 1/5/2020, 4th payment due by 2/5/2020, 5th payment due by 3/5/2020, 6th payment due by 4/5/2020, 7th payment due by 5/5/2020, 8th payment due by 6/5/2020, 9th payment due by 7/5/2020.

Please call 800-462-4884 within 10 days to secure one of the above options. Upon securing one of the above options, we will notify our client that a satisfactory arrangement has been made to settle the above debt.

Please note that a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency by the current account owner if you fail to fulfill the terms of your credit obligations. This notice in no way affects any rights you may have.

**Important Notice**
This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

18. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

19. The Letter provides four payment arrangements, three of which offer discounts varying from 20% to 40% off the balance.

20. The Letter's offers are in the idiom of limited-time or one-time sale offers, clearance sales, going-out-of-business sales, and other temporary discounts – creating false sense of urgency and seeking to pressure Plaintiff into accepting Defendant's offers – in fear that she'd have no further chance to settle her debt for less than the full balance.

21. The Letter did not say "[w]e are not obligated to renew any offers provided."

22. Without this phrase, the Letter's time-sensitive deadlines only amplified and emphasized Defendant's message that Defendant's offers were truly time bound.

23. The Letter did say "[p]lease call 800-462-4884 within 10 days to secured one of the above options."

24. On information and belief, however, Defendant's offer was not limited to just 10 days; and was likely to be "re-extended" to Plaintiff in the future.

25. The Letter's demand for Plaintiff to call within 10 days further created false sense of urgency to accept Defendant's settlement offer(s) as quickly as possible.

## DAMAGES

26. Congress enacted the FDCPA to rein in certain "evils" associated with debt collection," *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 874 (7th Cir. 2015), because existing legal remedies were, in its judgment, "inadequate to protect consumers." 15 U.S.C. § 1692(b).

27. To address those practices, the FDCPA imposes a "rule against trickery." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007); see also O'Rourke v. Palisades Acquisition XVI, LLC, 635 F.3d 938, 941 (7th Cir. 2011) (noting that the FDCPA's prohibitions "keep consumers from being intimidated or tricked by debt collectors").

28. The statute thus gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ... .").

29. The value of receiving truthful information about one's financial affairs—and the ill effects of receiving misleading information—may be hard to quantify, especially where, as here, the plaintiff did not act upon the misinformation.

30. But being misled in violation of an anti-trickery statute like the FDCPA is a concrete harm, nevertheless. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982) (holding that a plaintiff "who has been the object of a

4

misrepresentation made unlawful" by federal statute suffered an injury in fact and thus had Article III standing).

31. The Letter deceived Plaintiff into believing, *inter alia*, that once 10 days passed, she would lose the ability to satisfy her account for less than the amount owed

32. Concerned with having had her rights violated, Plaintiff was forced to retain counsel; therefore, expending time and incurring attorney's fees to vindicate her rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

33. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692e

34. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

35. Defendant violated 15 U.S.C. §§ 1692e and e(10) by using language that implied that Plaintiff only had a limited time to take advantage of a settlement offer, when, in fact, Defendant was likely to continue to renew their offer, and would certainly be pleased to collect Plaintiff's payment at any time.

36. Defendant's deliberate language reinforced the idea that if Plaintiff did not act immediately, she may lose the opportunity to do so forever.

37. Plaintiff believed that if she did not pay by the deadline, then she would have no future chance to settle her debt for less than the amount owed.

38. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e and e(10) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)
- (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 15 U.S.C. §§ 1692e and e(10);

B. an award of any actual damages sustained by Plaintiff as a result of Defendant' violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: September 10, 2020          Respectfully submitted,

**ROSEMARIE SAMSON**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road
Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com